# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| IN RE:<br>RHEA BATES<br>    Debtor | Case No. 21-11332-amc<br><br>Chapter 13 |
| WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, N.A. F/K/A NORWEST BANK MINNESOTA, N.A., AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2004-FFH3 ASSET-BACKED CERTIFICATES 2004-FFH3<br>    Movant | |
| vs.<br>RHEA BATES<br>LAWRENCE BATES (NON-FILING CO-DEBTOR)<br>TYRONE BATES (NON-FILING CO-DEBTOR)<br>    Respondents | 11 U.S.C. §362 and §1301 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER §362 AND §1301 CO-DEBTOR STAY PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001**

Movant, by its attorneys, Brock and Scott PLLC, hereby requests a termination of Automatic Stay and leave to foreclose on its mortgage on real property owned by Rhea Bates (the "Debtor"), Lawrence Bates (Non-filing Co-Debtor) and Tyrone Bates (Non-Filing Co-Debtor).

1. Movant is Wells Fargo Bank, N.A., Successor by Merger to Wells Fargo Bank Minnesota, N.A. F/K/A Norwest Bank Minnesota, N.A., as Trustee for First Franklin Mortgage Loan Trust 2004-FFH3 Asset-Backed Certificates 2004-FFH3.

2. The record owner of the premises located at 443 Ellis Avenue, Darby, PA 19023 ("mortgaged premises"), Takako Bates (the "Decedent"), passed away on July 31, 2005. The Debtor, along with non-filing Co-Debtors, Lawrence Bates and Tyrone Bates are collectively the equitable owners of the mortgaged premises pursuant to paragraph 2 of the Decedent's Last Will and

Testament administered by his Estate. True and correct copies of the Probate and Grant of Letters Testamentary, as well as the Decedent's Last Will and Testament, are attached hereto.

3. Movant is the holder of a mortgage on the mortgaged premises.

4. Debtor's failure to tender monthly payments in a manner consistent with the terms of the Mortgage and Note result in a lack of adequate protection.

5. Movant instituted foreclosure proceedings on the mortgage because of Debtor's failure to make the monthly payment required hereunder.

6. The foreclosure proceedings instituted were stayed by the filing of the instant Chapter 13 Petition.

7. The following chart sets forth the number and amount of post- payments due pursuant to the terms of the Note that have been missed as of January 25, 2022:

| Number of Missed Payments | From: | To: | Monthly Missed Principal and Interest | Monthly Missed Escrow (if applicable) | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 8 | 06/01/2021 | 01/01/2022 | $380.95 | $487.27 | $868.22 | $6,945.76 |
| | | | Less post-petition partial payments (suspense balance): $0.00 | | | |

**Total: $6,945.76**

8. A post-petition payment history is attached hereto as Exhibit A.

9. The next payment is due on or before February 1, 2022 in the amount of $868.22. Under the terms of the Note and Mortgage, Debtor has a continuing obligation to remain current post-petition and failure to do so results in a lack of adequate protection to Movant. The following fees and costs have been incurred since bankruptcy filing: Plan Review Fees in the amount of $250.00, and POC Filing Fees in the amount of $700.00.

10. Movant requests the Court award reimbursement in the amount of $1,238.00 for the legal fees and costs associated with this Motion.

11. Movant has cause to have the Automatic Stay terminated as to permit Movant to complete foreclosure on its mortgage.

12. Movant specifically requests permission from the Honorable Court to communicate with and Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law.

13. Movant, it's successors and assignees posits that due to Debtor's continuing failure to tender post-petition mortgage payments and the resulting and ever-increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees should be allowed to immediately enforce and implement the Order granting relief from the automatic stay.

14. Movant additionally seeks relief from the Co-Debtor stay under §1301 (c) in the instant case, as the continuation of the Co-Debtor stay causes irreparable harm to the Movant. Movant may be barred from moving forward with its state court rights under the terms of the mortgage without relief from the Co-Debtor stay.

15. Movant requests that if relief is granted that Federal Rule of Bankruptcy Procedure 3002.1 be waived.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order;

a. Modifying the Automatic Stay under Section 362 under Section 1301 with respect to 443 Ellis Avenue, Darby, Pennsylvania 19023 (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors and assignees, to proceed with its rights under the terms of said Mortgage; and

b. That relief from any Co-Debtor Stay (if applicable) is hereby granted; and

c. Movant specifically requests permission from this Honorable Court to communicate

with Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law; and

   d. Holding that due to Debtor's continuing failure to tender post-petition mortgage payments and the resulting and ever-increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees, should be allowed to immediately enforce and implement the Order granting relief from the automatic stay; and

   e. Awarding Movant attorney fees and costs related to this Motion in the amount of $1,238.00; and

   f. Waiving Federal Rule of Bankruptcy Procedure 3002.1; and

   g. Granting any other relief that this Court deems equitable and just.

February 14, 2022

            */s/ Matthew Fissel*
            Matthew Fissel
            (Bar No. 314567)
            Attorney for Movant
            BROCK & SCOTT, PLLC
            302 Fellowship Road, Suite 130
            Mount Laurel, NJ 08054
            Telephone: 844-856-6646 x4535
            Facsimile: 704-369-0760
            E-Mail: PABKR@brockandscott.com